■ In the Matter of the Claim of SUSAN S. BIGELOW, Respondent, v WPAC PRODUCTIONS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [911 NYS2d 507]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed June 1, 2009, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

The Gateway Playhouse in the Village of Bellport, Suffolk County provides free temporary housing to cast and crew members working on its various productions. Claimant, an actress, was hired by the theater company to perform in two musicals during the summer of 2008, at which time she resided on the premises.[1] On the morning of July 15, 2008, as was her practice throughout the summer, claimant warmed up for a rehearsal by riding her bicycle.[2] Approximately one mile from the employer's grounds, claimant fell off her bike while attempting to avoid a car and broke her leg.

Claimant subsequently filed an application for workers' compensation benefits premised on the incident. Following a hearing, a workers' compensation law judge ruled that claimant's injury was compensable and awarded benefits. Upon review, the Workers' Compensation Board upheld that determination. This appeal ensued.

We affirm. The employer and its workers' compensation carrier contend that claimant was not acting within the scope of her employment when the accident occurred. Notwithstanding such a contention, "[t]he test for determining whether specific activities are within the scope of employment or purely personal is whether the activities are both reasonable and sufficiently work related under the circumstances" (*Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249 [1986]). Moreover, the Board's factual determination with regard to this issue will be upheld when it is supported by substantial evidence (*see id.* at 249-250; *see generally Matter of Pagano v Anheuser Busch*, 301 AD2d 977, 978 [2003]). Here, claimant testified that professional actors, particularly those performing in musicals, must warm up—both physically and vocally. Such testimony is sup-

1. Claimant lives in Westchester County; the record indicates that a one-way commute from New York City to Bellport could take from $1\frac{1}{2}$ to 3 hours.

2. That day, claimant's schedule involved rehearsing for one production at 11:00 A.M. and performing in another at 8:00 P.M.

ported by that of the employer's manager, who stated that warming up is a customary industry practice. Indeed, according to him, the warm up serves to prevent on-stage injuries and enhance performances, thus benefitting the theater company. He also acknowledged that actors warm up in a variety of ways.

Claimant further testified that she was expressly prohibited from warming up in the house she shared with other performers due to facility rules governing early morning noise. She likewise stated that a rehearsal studio on the grounds was too small for multiple performers to warm up in at the same time— either physically or vocally. Both of these observations were similarly supported by testimony from the employer's manager. Given such restrictions, claimant elected to warm up vocally while riding her bike, a "two for one" routine practice that, according to her, the employer approved of. In this regard, we note that the Board specifically credited claimant's "persuasive" testimony as to what she was doing when the accident occurred.

Under these circumstances, we perceive no basis upon which to disturb the Board's decision that claimant was engaged in a reasonable and work-related activity when she was injured (see Matter of Walker v Greene Cent. School Dist., 6 AD3d 965, 965 [2004]; Matter of Pedro v Village of Endicott, 307 AD2d 598, 599 [2003], lv dismissed 1 NY3d 546 [2003], lv denied 2 NY3d 706 [2004]; see generally Matter of Capizzi v Southern Dist. Reporters, 61 NY2d 50, 54-55 [1984]). Finally, the cases relied upon by the employer and carrier, including Matter of Duffy v Taconic Correctional Facility (41 AD3d 923, 924 [2007] [an insufficient nexus existed between time and place of the accident and the employer's premises—the "(c)laimant's injury occurred as he was preparing to travel 30 miles from the dormitory apartment where he chose to live to the correctional facility where he was permanently assigned to work"]) and Matter of Wilson v Detroit Hockey Club (104 AD3d 168, 169-170 [1984], affd 66 NY2d 848 [1985] [the claimant, a hockey coach, died while jogging at home]) are factually distinguishable.

Peters, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.